Glen Alden Corporation *v.* Tomchick, Appellant.

Argued March 4, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles L. Casper*, with him *William J. Fahey*, and *Fahey & Casper*, for appellant.

*William J. Davis*, with him *Franklin B. Gelder*, for appellee.

OPINION BY WOODSIDE, J., April 11, 1957:

The defendant in this case questions the jurisdiction of the court of common pleas over an action to recover alleged overpayments made to a widow under a workmen's compensation agreement.

For the purpose of determining jurisdiction, all facts which are averred in the complaint must be accepted as true. *Gardner v. Allegheny County*, 382 Pa. 88, 94, 114 A. 2d 491 (1955).

The facts averred in the complaint are as follows:

The Glen Alden Coal Company, now Glen Alden Corporation, entered into a workmen's compensation agreement providing for the payment to the defendant of the sum of $11 per week for a period of 300 weeks from April 11, 1943 to January 9, 1949, and for the payment of burial expenses in the sum of $200, because of fatal injuries to defendant's husband, Isaac Phillips, while he was in the course of his employment, on April 3, 1943 at the plaintiff's Woodward Colliery.

Section 307 of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §562, provides: "That upon remarriage of any widow, the compensation of such widow shall continue as hereinbefore provided for one-third of the period during which compensation then remains payable to her."

The defendant widow married Andrew Tomchick at Crown Point, Lake County, Indiana, on February 27, 1946. The plaintiff corporation did not know of this marriage until July 25, 1955, when it received a claim petition from the defendant for compensation as dependent widow for the death of Andrew Tomchick. The plaintiff corporation had inquired of the defendant concerning her marital status six times between September 27, 1946 and January 11, 1949. Each time she represented to the plaintiff that she had not remarried.

Relying upon her false representation, the plaintiff corporation paid defendant $3300 compensation, the amount to which she would have been entitled had she not remarried. On January 17, 1949, she signed a "final receipt" as "Catherine Phillips widow of Isaac Phillips". By representing that she had not remarried, she collected $1,096.86 more than she was entitled to, and the plaintiff brought this action in the Common Pleas Court of Luzerne County to recover the above sum and interest.

The defendant filed preliminary objections raising the question of the jurisdiction of the court of common pleas, contending that jurisdiction was exclusively in the Workmen's Compensation Board. The court below dismissed the preliminary objections and directed the defendant to answer the complaint. The defendant appealed. See Act of March 5, 1925, P. L. 23, 12 PS §672.

Under the above facts it is clear that the defendant obtained money from the plaintiff to which she was not entitled, and under the theory of unjust enrichment, the plaintiff is entitled to restitution of the sum improperly paid. *Humbird v. Davis,* 210 Pa. 311, 59 A. 1082 (1904); *Weaverling v. Smith,* 181 Pa. Superior Ct. 153, 124 A. 2d 509 (1956); *Zurich General Accident and Liability Insurance Co. v. Klein,* 181 Pa. Superior Ct. 48, 121 A. 2d 893 (1956).

Although ordinarily there could be no question of the right of the plaintiff to recover in an action in the common pleas court, the defendant contends that since the payments were made under a workmen's compensation agreement the action must be brought under The Pennsylvania Workmen's Compensation Act, supra, and that the court has no jurisdiction to entertain this action.

She points to sections 434 and 413 of The Pennsylvania Workmen's Compensation Act, supra, 77 PS §1001, §771, §772, as the sections under which the plaintiff could proceed. We think there is no merit to this contention. Section 434 relates to setting aside a final receipt. A final receipt is what its name implies, an acknowledgment of all the payments due under the agreement or award. Here the defendant not only received all the payments to which she was entitled, but she received more than was due her. Setting aside her acknowledgment of the full payment would do nothing toward establishing an overpayment.

Section 413 has been held to relate only to existing agreements under Sections 306(a) and 306(b). *Zupicick v. P. & R. C. & I. Co.*, 108 Pa. Superior Ct. 165, 164 A. 731 (1933). In the case of compensation agreements made under other provisions of the act, the agreements may be modified under Section 413, whether or not fully executed, only during the period in which compensation would be payable under the provisions of the act. *Kitchen v. Miller Bros. Co.*, 115 Pa. Superior Ct. 141, 174 A. 919 (1934). It does not furnish relief in a case where compensation payments were fraudulently obtained after the period in which the claimant was entitled to compensation.

We agree with Judge PINOLA of the court below "that the plaintiff has no remedy available within the framework of The Pennsylvania Workmen's Compensation Act. It does not follow, however, that it is without recourse for we have presented to us an obvious case of unjust enrichment now well established in our law, and over which this court has jurisdiction."

Order affirmed.