Edward C. **CARTER**, Appellant,

v.

**AMERICAN EXPORT ISBRANDTSEN LINES, INC.,** Appellee.

No. 642, Docket 32791.

United States Court of Appeals
Second Circuit.

Argued June 6, 1969.

Decided June 11, 1969.

William E. Fuller, New York City (Fuller, Hopkins, Lawton & Taussig, New York City, on the brief), for appellant.

Peter Martin Klein, New York City (William D. Ruckelshaus, Asst. Atty. Gen., Robert M. Morgenthau, U. S. Atty., Louis E. Greco, Atty. in Charge, New York Office, Admiralty and Shipping Section, Dept. of Justice, on the brief), for appellee.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

**1186**

PER CURIAM:

Edward C. Carter was a seaman aboard the SS Exton, a vessel owned by the United States and operated by American Export Isbrandtsen Lines, Inc., under a standard form General Agency Agreement. The agreement was originally signed by the government and American Export in 1951, and has been in force ever since. Carter was injured on board ship on February 10, 1967, in Saigon, South Viet Nam. Accordingly, he brought the present action against American Export although prior to the commencement of the suit the company informed him that the government was the only proper defendant. Judge Frankel granted Export's motion for summary judgment made prior to answering the complaint on July 22, 1968.

We affirm.

 It is clear that Carter has an adequate remedy available against the United States, the owner of the Exton, under the Public Vessels Act, 46 U.S.C. §§ 781–790 and the Suits in Admiralty Act, 46 U.S.C. §§ 741–752. Nonetheless, he seeks to sue the general agent, American Export, against whom he might demand a jury trial and also benefit from other procedural aids not available in a suit against the government. But the Suits in Admiralty Act, 46 U.S.C. § 745 provides "where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States * * * whose act or omission gave rise to the claim * * *."

Carter admits that to prevail in his attempt to sue the general agent rather than the government he must persuade us to depart from our prior decision in Hanlon v. Waterman Steamship Corp., 265 F.2d 206 (2d Cir. 1959). He argues that Hanlon and Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949) also in point, were based on wartime measures and statutes no longer applicable to the present situation. We remain unconvinced. We are satisfied, as other courts have been, that the rule remains effective. See Petition of the United States, 367 F.2d 505 (3d Cir. 1966); Smith v. United States, 346 F.2d 449 (4th Cir. 1965).

Carter also contends that it was improper for government attorneys to represent the shipping companies who are named defendants to these actions. We disagree. 28 U.S.C. § 547 provides that the United States Attorney shall defend "all civil actions, suits or proceedings in which the United States is concerned" which arise in his district. Since American Export was the agent of the United States, the representation was proper.