THOMPSON, Judge.
Cove Shipping, Inc. (Cove) appeals a final order of the trial court which treated Cove’s untimely motion to dismiss as a motion for relief from judgment under Rule 1.540, Fla.R.Civ.P., and which denied the relief sought. Cove contends that the ship on which Doss was allegedly injured was a public vessel owned by the United States, and that under the Suits in Admiralty Act, 46 U.S.C.A. §§ 741-752, and the Public Vessels Act, 46 U.S.C.A. §§ 781-790, the Circuit Court for Escambia County lacked subject matter jurisdiction of this case. We agree and reverse.
Doss, the plaintiff below, was injured on April 22, 1978, in Panama City, Florida, while doing repair work aboard the USNS Columbia. He was employed by Maritime Coatings, Inc., which had contracted with Cove to do repair and maintenance work on the ship. The USNS Columbia is a tanker which appellant alleges is owned by the United States Navy and operated by Cove. On February 23, 1982, Doss filed a complaint in the Circuit Court in and for Es-cambia County, Florida, alleging that Cove had negligently failed to have and maintain its ship in a seaworthy condition and failed to furnish a safe place for him to work. Cove was properly served with the complaint and on March 1, 1983, Doss filed and served a request for admissions on Cove, asking it to admit that it was the owner of the USNS Columbia at the time and place of the injury. Cove did not file an answer to the complaint, a response to the request for admissions, or any other pleading. On February 10, 1984, a default was entered and on July 11,1984, a notice of trial on the issue of damages only was served on Cove. Cove did not appear and on August 6,1984, the case was tried before a jury as scheduled. The jury rendered a verdict in the sum of $100,000 in favor of Doss. On February 26, 1985, Cove filed its “Motion to Dismiss or in the Alternative for Summary Judgment.” The trial court treated this motion as a motion for relief from judgment under Fla.R.Civ.P. 1.540, and on August 20, 1985, entered its order denying the motion.
The complaint shows on its face that the ship alleged to have been involved was a public vessel owned by the United States. In five different paragraphs of the complaint the vessel is identified as the USNS Columbia. USNS is an abbreviation for United States Naval Ship. The Public Vessels Act and the Suits in Admiralty Act together provide that the federal district courts have exclusive subject matter jurisdiction of actions arising out of injuries sustained on public vessels of the United States. Pursuant to these acts, admiralty proceedings in personam against the United States for damages for injuries sus *1328 tained on a public vessel may be brought only in federal court. Section 745 of the Public Vessels Act provides that such remedy is exclusive of any action against the agent or employee of the United States whose act or omission gives rise to the claim. The courts of this state have no subject matter jurisdiction over suits for damages against agents of the United States for injuries or damages sustained on a public vessel. State courts do not even have concurrent subject matter jurisdiction over suits against the United States that are timely brought within the two-year limitation. No admiralty proceedings against an agent of the United States may be maintained for injuries occurring on a public vessel since the plaintiff has an adequate remedy against the United States pursuant to the acts. Therefore, only a timely admiralty proceeding against the United States could have been maintained under the facts of this case. Watts v. Pinckney, 752 F.2d 406 (9th Cir.1985); Doyle v. Bethlehem Steel Corporation, 504 F.2d 911 (5th Cir.1974); Carter v. American Export Isbrandtsen Lines, Inc., 411 F.2d 1185 (2d Cir.1969).
Section 745 of the Suits in Admiralty Act further provides that actions authorized by the Suits in Admiralty Act must be brought within two years after the cause of action arises. The limitation of this section is not only jurisdictional, but is a condition of the right it creates to bring an action against the United States. It is not merely a statute of limitations but is a limitation upon the jurisdiction of the courts to entertain the action. When the two-year statutory period has elapsed, the claim is not only unenforceable but is completely extinguished. Roberts v. United States, 498 F.2d 520 (9th Cir.) cert. denied 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974); States Marine Corporation of Delaware v. United States, 288 F.2d 776 (2d Cir.1960). The Roberts court, quoting from States Marine Corporation said:
While the result is harsh, it is well established that the limitations period in the Suits in Admiralty Act is jurisdictional in nature:
The two year time-bar of the Suits in Admiralty Act is unlike a time-bar period prescribed under an ordinary Statute of Limitations. Under an ordinary time-bar statute a claim is not extinguished after the statutory period has elapsed. It is only unenforceable. The time-bar of the Suits in Admiralty Act renders a claim against the United States not only unenforceable, but extinguishes the claim itself, for when the sovereign, immune from suit, consented to be sued it was made a condition of the right to sue that suits so authorized had to be brought within the time-bar period.
498 F.2d 526.
Doss’s cause of action accrued April 22, 1978 and was extinguished two years later, almost two years before suit was filed in this case. A judgment is void if the court that entered it lacked jurisdiction of the subject matter. The lower court lacked subject matter jurisdiction because only an admiralty proceeding in federal court may be maintained under the facts of this case. Under the Public Vessels Act and Suits in Admiralty Act even the federal admiralty court does not have subject matter jurisdiction of an action against an agent of the United States for any injury or damages occurring on a public vessel, or subject matter jurisdiction of an action filed for such injuries or damages more than two years after the cause of action accrued. The judgment against Cove in state court is void. The motion for relief from judgment should have been granted and the judgment entered should have been vacated. Watts v. Pinckney.
The order appealed is REVERSED and the cause is remanded for the entry of an order vacating the judgment entered.
ZEHMER and BARFIELD, JJ., concur.