555 A.2d 916

**J. Barry MacNEAL & Harold F. Scattergood, Appellees,**

**v.**

**I.C.O.A., INC. & Gerald L. Brodsky, Chairman–I.C.O.A., Inc., Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1988.

Filed March 17, 1989.

Paul R. Rosen, Philadelphia, for appellants.

Jean C. Hemphill, Philadelphia, for appellees.

Before OLSZEWSKI, BECK and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is an appeal following the trial court's certification that a substantial issue of jurisdiction exists pursuant to Pa.R.A.P. 311(b)(2). We affirm the trial court's order dismissing appellants' preliminary objections.

The procedural history of this appeal follows. Appellees are shareholders of I.C.O.A. In April of 1987, appellees brought an action against I.C.O.A., a Nevada corporation

conducting business in Pennsylvania and Illinois, and Gerald Brodsky, the former president of I.C.O.A., requesting the court to compel I.C.O.A. to permit the appellees to inspect its corporate books and records. This suit was brought pursuant to the Pennsylvania Business Corporation Act, 15 P.S. § 1308 C. At the time of this action, I.C.O.A.'s corporate books and records were maintained in Philadelphia. Following a hearing on this matter, a stipulation was entered into by the parties wherein I.C.O.A. agreed to release on-going financial information to the shareholders on a quarterly basis, file a 10–K or S–1 Registration Statement with the Securities and Exchange Commission, and forego further legal action on the matter in exchange for the plaintiffs' agreement to mark the matter settled, discontinued and ended. On June 8, 1987, a stipulated order was entered in the Court of Common Pleas, Philadelphia County. The trial court presiding over the present action found that appellant I.C.O.A. complied with this stipulated order. (Finding of Fact No. 15, filed May 2, 1988).

On February 8, 1988, appellees brought a second action against I.C.O.A. pursuant to 15 P.S. § 1308 C seeking to inspect the corporate books and records.[1] I.C.O.A. filed preliminary objections to this action arguing, *inter alia,* that the Court of Common Pleas of Philadelphia County did not have jurisdiction over its books and records as they were not located in the Commonwealth, and that the action was barred by the doctrine of *res judicata* as the same action was litigated in 1987. Following a hearing on I.C.O. A.'s preliminary objections, the trial court entered an order

---

1. Appellees sought to inspect the following:
    (1) the share register;
    (2) tax returns;
    (3) bank statements and reconciliations, check books, cash receipts and disbursement journals;
    (4) audited and unaudited financial statements, including, but not limited to, reports with respect to the assets, liabilities, working capital, income and expenses of the Company;
    (5) contracts and agreements relating to the sale or proposed sale or purchase or proposed purchase of assets of the Company;
    (6) computer-generated financial reports prepared for management.
    (Proposed Order of Appellees, February Term 1988).

dismissing the preliminary objections and filed findings of facts and conclusions of law which maintained that the court had jurisdiction over the action and that the action was not barred by *res judicata.* On May 24, 1988, the trial court signed an order certifying the jurisdictional issue for appeal as a substantial issue of jurisdiction was presented. Notice of appeal was filed on May 26, 1988. Appellees filed a motion to quash the instant appeal on August 16, 1988, and this motion to quash was denied on September 14, 1988.

As has already been mentioned, appellees brought an action against I.C.O.A. seeking to inspect the corporate records. This action was brought pursuant to 15 P.S. § 1308 C, which provides as follows:

C. If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a shareholder or attorney or other agent acting for the shareholder pursuant to subsection B of this section or does not reply to the demand within five business days after the demand has been made, the shareholder may apply to the court of common pleas of the county in which the registered office of the corporation is located for an order to compel such inspection. Such court of common pleas is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought. The court may summarily order the corporation to permit the shareholder to inspect the share register and the other books and records of the corporation and to make copies or extracts therefrom; or the court may order the corporation to furnish to the shareholder a list of its shareholders as of a specific date on condition that the shareholder first pay to the corporation the reasonable cost of obtaining and furnishing such list and on such other conditions as the court deems appropriate. Where the shareholder seeks to inspect the books and records of the corporation, other than its share register or list of shareholders, he shall first establish (1) that he has complied with the provisions of this section respecting the

form and manner of making demand for inspection of such document; and (2) that the inspection he seeks....

■ Based upon the above statute, appellees MacNeal and Scattergood contend that the trial court was vested with jurisdiction in this case. Appellants, in their preliminary objections, allege that I.C.O.A. is a foreign corporation doing business in Pennsylvania, whose books and records of account are not located within the jurisdiction at the time of the written demand. Before resolving the above dispute, we must be mindful of the fact that an appeal from an order dismissing preliminary objections challenging trial court's subject matter jurisdiction over a complaint is interlocutory and ordinarily not appealable. *See, Davis Supermarkets, Inc. v. United Food and Commercial Workers, Local 23*, 368 Pa.Super. 290, 533 A.2d 1068 (1987). An interlocutory appeal of right exists, however, where the order of the trial court sustains jurisdiction over a person or real property if the court states in an order that a substantial issue of jurisdiction is presented. Pa.R.A.P. 311(b); *see, City of Philadelphia v. Franklin Smelting and Refining Co.*, 303 Pa.Super. 393, 449 A.2d 745 (1982). Such is the situation presented by the case *sub judice*. For purposes of our review, therefore, we apply the standard utilized by cases in which our Court had to determine whether the trial court was correct in concluding it had subject matter jurisdiction. Specifically, we accept as true all facts averred in the complaint. *Glen Alden Corp. v. Tomchick*, 183 Pa.Super. 306, 130 A.2d 719 (1957). We now begin our review of the instant case.

■ In their complaint, appellees aver that I.C.O.A. is a Nevada corporation with its principal place of business in Philadelphia and that the corporation is registered to do business in Pennsylvania. Appellants responded with preliminary objections which alleged that I.C.O.A. is a foreign corporation doing business in Pennsylvania whose books and accounts are not physically located in the jurisdiction at the time of appellees' written demand in February of 1988. Following a hearing on this issue, the trial court issued its

determination that "it does not appear with certainty that upon the facts averred, that the law will not permit Plaintiffs to review the books and records of I.C.O.A. Therefore, the Plaintiffs must be permitted to proceed forward." (Conclusion of Law No. 5, filed May 2, 1988).

Appellants raise three issues for our review: (1) whether the trial court improperly expanded its mandamus jurisdiction beyond its statutory limits in permitting an inspection of a foreign corporation's books and records when the books and records are not located within the Commonwealth; (2) whether the trial court misquoted the Pennsylvania Business Corporation Act and granted relief which is not contained in the statute; and (3) whether the trial court should have dismissed the action under the doctrine of *res judicata*. Appellant's brief at 2. Regarding the first two issues, appellees counter with the assertion that the trial court's determination in this matter was a limited one in that it simply found that it had jurisdiction to entertain the action and did not rule as to what documents were to be produced for inspection. Appellees rely on the case of *Witney v. City of Lebanon*, 369 Pa. 308, 85 A.2d 106 (1952), in support of their position that the trial court's ruling was proper. *Witney v. City of Lebanon* stated the following:

In *Zerbe Township School District v. Thomas*, 353 Pa. 162, 44 A.2d 566, we stated principles which are here applicable, namely that even though a plaintiff has no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question of whether the court had jurisdiction of the litigation. *We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of the general class to which the case presented for its consideration belonged,—whether the court had power to enter upon the inquiry, not whether it might ultimately decide that it was unable*

*to grant the relief sought in the particular case;* that the Act of 1925 was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings and that it was not concerned with matters going to the right of the plaintiff to recover on his cause of action but only with his right to have his cause of action heard and determined. In support of those principles many decisions of our appellate courts were cited, and a host of later authorities have since been added to the long list there set forth. (Citations omitted.)

369 Pa. at 311–12, 85 A.2d at 108.

We agree with appellees that the trial court's holding was a limited one in that it held simply that plaintiffs (appellees) should be permitted to proceed with their action, thereby implicitly holding that jurisdiction was properly vested in the Philadelphia Court of Common Pleas. Moreover, we cannot agree with appellants' contention that the true issue presented by the instant situation is not whether the trial court may enter upon the inquiry, but whether it has the power under 15 P.S. § 1308 C to order the books and records to be brought back into this Commonwealth. In making such an assertion, appellants are assuming a fact that is not before us: that the trial court has already permitted inspection of the books and records. We find that the only issue in this regard before the trial court, and the only one properly before us, is whether the trial court had "the power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case...." *Witney, supra,* 369 Pa. at 312, 85 A.2d at 108.

The issue we must decide, therefore, is whether the trial court properly denied appellants' preliminary objections upon determining that appellants failed to establish that the trial court did not have jurisdiction to entertain the action. In making its determination, the trial court opined as follows:

Based on the Court's findings that (1) I.C.O.A. has five full-time employees located at its Philadelphia Office; (2)

that the "editorial staff" is located in Philadelphia; (3) that Ms. Virginia Higgins, who is in charge of stockholder relations maintains her office in Philadelphia; (4) that Gerald L. Brodsky, the Chairman of I.C.O.A. maintains his office in Philadelphia; and (5) the hearing testimony indicates that the business of I.C.O.A. is the gathering, editing and dissemination of medical information and that this is done in and through the Philadelphia, Pennsylvania office, it appears that the place of business of I.C.O.A. is in Philadelphia, Pennsylvania and the defendants, moving parties, have failed to carry their burden.

That being so, it does not appear with certainty that upon the facts averred, that the law will not permit Plaintiffs to review the books and record of I.C.O.A. Therefore, the Plaintiffs must be permitted to proceed forward. *Patton* [*v. Republic Steel Corp.*, 342 Pa.Super. 101, 492 A.2d 411 (1985)].

Additionally, based on the aforementioned findings of fact, notwithstanding I.C.O.A.'s assertion that the books and records are not maintained in Philadelphia, Pennsylvania, the record fails to establish with certainty that the books and records are not required to be maintained in Philadelphia, under § 1308(A). 15 P.S. § 1308(A); *See, Patton, supra.* The defendants, moving parties, as to the Preliminary Objections, have failed to establish with certainty that the principal place of business of I.C.O.A. is somewhere other than Philadelphia, nor does it appear with certainty that books and records are not or should not be maintained in Philadelphia.

Opinion at 4–5. Our review of the record, appellants' brief and arguments, the applicable law, and the trial court's thorough opinion reveal that there is no merit to appellants' contention. Accordingly, we affirm the determination of the trial court.

■ We also find no merit in appellants' final assertion that the trial court erred in dismissing the preliminary objection asserting the defense of *res judicata.* It is well

settled in this Commonwealth that unless the complaint sets forth in detail the essential facts and issues pleaded by the prior suit, the affirmative defense of *res judicata* must be raised in a responsive pleading under the heading of new matter and not by preliminary objection. *Del Turco v. Peoples Home Savings Association*, 329 Pa.Super. 258, 267–68, 478 A.2d 456, 461 (1984), *citing Callery v. Blythe Township Municipal Authority*, 432 Pa. 307, 243 A.2d 385 (1968); *Keily v. J.A. Cunningham Equipment Inc.*, 387 Pa. 598, 128 A.2d 759 (1957); *Goodrich Amram 2d* § 1017(b):11. Our scrutiny of appellees' complaint reveals that, while the prior action is mentioned, the complaint does not set forth in detail the essential facts and issues pleaded by the prior suit. Therefore, the affirmative defense of *res judicata* was not properly raised by preliminary objection.

The order of the trial court denying appellants' preliminary objections is affirmed.