## Commonwealth v. Smith

*Warren D. Ferry,* for plaintiff.
*Elise Glenn,* for defendant.

WETTICK, *J.*, July 27, 1992—On September 16, 1987, defendant Larry G. Smith sustained a work-related injury. As of September 20, 1987, he began receiving workers' compensation benefits of $377 per week. Smith continued to receive these benefits through September 26, 1989. At that time, plaintiff (the carrier) allegedly learned for the first time that as of September 23, 1988, Smith had returned to work on a full-time basis and was earning wages greater than or equal to his pre-injury wages.[1] The carrier immediately stopped paying benefits. In December 1990 the carrier filed a petition to suspend benefits

---

1. At the time of Dr. Smith's injury, his employer was insured by Westmoreland Casualty Co. Westmoreland Casualty was later suspended and went into liquidation. Plaintiff (the Commonwealth of Pennsylvania Insurance Department, Workers' Compensation Security Fund) is the successor in interest to Westmoreland Casualty.

pursuant to the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq.

Smith did not appear at the administrative hearing on the petition. In an April 15, 1991, decision, the referee suspended benefits as of September 28, 1988, and allowed a credit of $19,494 "against any compensation that may become due in the future as a result of the September 16, 1987, work accident." The decision of the referee included a finding which accepted plaintiff's evidence that Smith had recovered from his work accident as of September 23, 1988, and was earning an average annual wage of $50,000. Neither party filed an appeal from the referee's decision.

Subsequently, the carrier filed this present lawsuit to recover the benefits paid after September 23, 1988. The carrier's suit is based upon a theory of unjust enrichment by virtue of Smith's accepting under false pretenses workers' compensation benefits to which he knew that he was not entitled.

Smith has filed a motion for judgment on the pleadings. The basis for the motion are (1) that the Workers' Compensation Act provides the only remedies available to the carrier and (2) that this lawsuit is barred by the doctrines of res judicata and/or collateral estoppel because the identical claims were litigated in the workers' compensation proceeding.

## I.

I initially address the claim that the Workers' Compensation Act provides the exclusive remedies for recouping overpayments.

In the present case, the carrier's claim is based on fraudulent misconduct of Smith that was not known to the carrier during the period for which reimbursement is sought. The carrier contends that its claim is governed by *Glen Alden Corp. v. Tomchick*, 183 Pa. Super. 306, 130 A.2d 719 (1957). In that case, the claimant's widow received an overpayment under a workers' compensation agreement because she falsely represented that she had not remarried. Plaintiff brought a lawsuit to recover the overpayment. Defendant filed preliminary objections contending that jurisdiction was exclusively in the Workers' Compensation Board. The lower court overruled the preliminary objections. The Superior Court affirmed. It held that plaintiff could proceed with this lawsuit because the Workers' Compensation Act did not furnish relief where compensation payments were fraudulently obtained after the period in which the claimant was entitled to compensation.

Defendant contends that *Glen Alden Corp. v. Tomchick* is not controlling because at the time *Glen Alden* was decided the Workers' Compensation Act did not provide for a supersedeas fund to reimburse an insurer who has made payments that were not owing.[2]

However, this is an irrelevant factual distinction because the supersedeas fund governed by the 1972 and 1975 amendments does not provide any remedy to the carrier

2. A 197  mendment to the Workers' Compensation Act, Act of Febru  1972, P.L. 25, No. 12, as amended by Act of July 30, 197  139, No. 70, created a supersedeas fund (77 P.S. §999).

where payments were made on the basis of a claimant's undetected fraud. The purpose of the fund is to reimburse employers who make payments during the pendency of proceedings to terminate payments that are eventually found not to be due. By its terms, the fund does not provide reimbursement until a supersedeas has been requested and denied. Obviously, a carrier has no basis to request a supersedeas until it learns that it has been making compensation payments on the basis of representations of the claimant that were false.

Smith cites cases where the Commonwealth Court has stated that the supersedeas fund is a substitute for a claim to recover overpayments. However, these cases specifically refer to overpayments that were not the result of any wrongdoing on the part of the claimant. In *Wausau Insurance Co. v. W.C.B.A.*, 138 Pa. Commw. 491, 496, 588 A.2d 592, 594 (1991), the Commonwealth Court stated:

"Nowhere in the Act does the Legislature permit an insurer to seek reimbursement for overpayment from a claimant. If a claimant has been overpaid *through no fault of his own,* an insurance company's remedy is to seek reimbursement from the fund." (emphasis added)

Also see *W&L Sales Co. v. W.C.A.B.*, 123 Pa. Commw. 158, 161, 552 A.2d 1177, 1178 (1989), where the Commonwealth Court prohibited the deduction from future benefits of overpayments made without fault on the part of the claimant.

Smith also contends that in this case the Workers' Compensation Act provides an adequate remedy, this being the remedy that the carrier successfully pursued of an order allowing the carrier to take a credit for the amount of the overpayment against any compensation that may be due in the future as a result of the September 16, 1987, work accident. However, the referee's finding that Smith had recovered from his work accident as of September 23, 1988, was the basis for his April 15, 1991, order. Consequently, the likelihood that any compensation will become due in the future as a result of the September 1987 work accident is very remote. This remote possibility that the carrier may actually use the $19,494 credit against future claims based on the September 1987 work accident is not an adequate remedy for Smith's fraudulent recovery of workers' compensation benefits.

## II.

I next consider Smith's argument that the doctrines of res judicata and/or collateral estoppel bar this civil action because the same claims were previously litigated in the workers' compensation proceedings. These doctrines do not apply because the same claims were not litigated. In the present case, plaintiff seeks a money judgment based on an unjust enrichment claim. The carrier could not raise this claim in the administrative proceedings conducted pursuant to the Workers' Compensation Act because neither a workers' compensation referee nor the Workers' Compensation Appeal Board has the

authority to enter a money judgment against a claimant for overpayments resulting from the claimant's fraud. See *Glen Alden Corp. v. Tomchick*, at 310, 130 A.2d at 721; *W&L Sales Co. v. W.C.A.B.*, at 161-63, 552 A.2d at 1178-79; *Fahringer, McCarty & Grey v. W.C.A.B.*, 107 Pa. Commw. 597, 603, 529 A.2d 56, 59 (1987). Furthermore, this is not a situation in which the carrier initially instituted administrative proceedings instead of court proceedings which could have resolved all issues. The primary purpose of the administrative proceeding was to obtain an order permitting the carrier to suspend payment of compensation benefits. A common pleas court could not have granted this relief. The purpose of the court proceedings, on the other hand, is to obtain a money judgment against Smith that the compensation referee could not enter.[3]

## ORDER OF COURT

On July 27, 1992, it is hereby ordered that defendant's motion for judgment on the pleadings is denied.

---

3. It is possible that various factual issues decided in the workers' compensation proceedings are binding on the parties in these court proceedings.