689 A.2d 289

**Robert FETTERMAN, d/b/a RF Communications, Appellant,**

v.

**Robert GREEN, Green's Communications, Inc. and Schuylkill Mobile Fone, Inc., d/b/a K–Comm, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 14, 1996.

Filed Feb. 4, 1997.

640

Kenneth B. Young, Williamsport, for appellant.

Joseph A. Lach, Wilkes-Barre, for appellee.

Before CIRILLO, President Judge Emeritus, and DEL SOLE and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Who decides who controls the airways? That is the question. This appeal presents us with an issue of first impression in our jurisdiction; namely, whether the Federal Communications Act (FCA) has preempted common law claims based upon radio frequency interference, thus divesting state courts of the proper subject matter jurisdiction to entertain the claims. The trial court in this matter determined that the causes of action pled by appellant were preempted by the federal legislation, and thus dismissed the complaint. Appellant timely appeals from this order.

By grant of the Federal Communications Commission (FCC), and pursuant to the FCA, both appellant and appellee were authorized to use radio frequency 462.750 MHz for the purpose of providing various radio services to the public. Their coexistence, however, proved to be more acrimonious than harmonious. Although the frequency should have been able to withstand the use of multiple carriers, it soon developed that appellant's transmissions were not being completed due to excessive use of the frequency by appellee.

Appellant averred that the excessive use by appellee was not the result of legitimate need, but rather the result of a deliberate, surreptitious, plan to interfere with the viability of appellant's business. Therefore, in May of 1994, appellant commenced the instant action through the issuance of a writ of summons. A complaint was subsequently filed in June of 1995. By stipulation of the parties, appellant was permitted to file an amended complaint in August of 1995.

Appellant's amended complaint alleged that appellee engaged in willful and repeated malicious interference with radio frequency 462.750 MHz, and sought relief based upon the theories of: 1) interference with existing and prospective contractual relations; 2) negligence; 3) conversion; 4) civil conspiracy and 5) private nuisance.

Affixed to appellant's complaint were copies of an "Official Notice of Violation" and a "Notice of Apparent Liability" that had been issued by the FCC to appellee in 1993. These

communications concerned appellee's interference with the shared frequency and assessed appellee's apparent liability at $16,800 for its violation of § 333 of the FCA. Appellee subsequently filed a "Request for Cancellation or Reduction of Forfeiture," the disposition of which is unknown at this time.

In September of 1995, appellee filed preliminary objections to appellant's amended complaint raising, *inter alia*, lack of subject matter jurisdiction as a ground for relief. Specifically, appellee claimed that consideration of appellant's claims was barred due to federal preemption of the field of interference with radio frequencies. Following extensive briefing and argument, appellee's objection was sustained and appellant's complaint dismissed.

■ Appellant avers that the FCA expressly reserves the right to pursue the common law claims at issue herein. While acknowledging that the FCA does preempt "technical matters which relate to an operator's compliance with FCC rules," appellant argues that the case at bar presents only "garden-variety common law tort claims" outside the purview of the FCC. (appellant's brief at 10). Conversely, appellee claims that the trial court properly dismissed the complaint because the causes of action at issue necessarily involve a determination involving a carrier's compliance with FCC rules.

■ When determining whether a trial court correctly decided the issue of subject matter jurisdiction, this Court will accept as true all facts averred in the complaint. Therefore, the only issue in contention is the competence of our state courts to reach the merits of the claims raised. *See, e.g., MacNeal v. I.C.O.A., Inc.*, 382 Pa.Super. 430, 434, 555 A.2d 916, 918 (1989); *Glen Alden Corp. v. Tomchick*, 183 Pa.Super. 306, 307–08, 130 A.2d 719, 720 (1957).[1]

1. We must pause to address an inadequacy in appellant's brief with respect to the inclusion of the standard of review. Specifically, Pa. R.A.P. 3518(a) mandates that an appellant litigant set forth on a separate page both the standard and the scope of review to be applied by our Court as to each issue raised. Instantly, appellant has not only failed to present the standard of review on a separate page, but has also referenced the incorrect standard. This appeal does not merely con-

■ Appellee's assertion that the FCA has preempted the field of interference with radio transmissions is not to be taken lightly. Indeed, the Supreme Court, as well as many of our sister federal courts, has held that there is a presumption against federal preemption of state law. *See, e.g., Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992); *Michael v. Shiley, Inc.*, 46 F.3d 1316 (3rd Cir. 1995). This presumption of dual jurisdiction results from reasons of comity and mutual respect between the two judicial systems that form the framework of our democracy. *Id.*

Nonetheless, there are areas of commerce which unquestionably function best if federally and uniformly regulated. *See, e.g., Florida Lime and Avocado Growers v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963). For this reason, Congress may, pursuant to the supremacy clause, enact legislation that usurps the ability of certain traditional state common law and statutory causes of action to be sued upon for violations of federal law. *See, e.g., Michael*, 46 F.3d at 1322; *CSX Transp. Inc. v. Easterwood*, 507 U.S. 658, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993).

■ The most effective manner of preempting state law is by the inclusion of a specific provision in the federal legislation. Such clear and unambiguous language is exceedingly helpful in determining the often contentious issue of whether a state court has subject matter jurisdiction over the cause of action at issue.

■ This is not, however, the only method by which Congress may displace state law. A federal law will impliedly preempt state law if there exists an actual conflict between the state and federal laws, or if the federal law so thoroughly occupies the field at issue as to create the reasonable inference that Congress intended for there to be no state supplementation. *See, e.g., Broyde v. Gotham Tower, Inc.*, 13 F.3d 994 (6th Cir.1994).

cern the trial court's disposition of preliminary objections, but rather turns upon whether the jurisdiction exists even to address the claims raised in the objections.

It is this implied preemption analysis that we must currently apply, for, when enacting the FCA, Congress made no explicit preemption provisions. *Id.* Therefore, this Court must initially determine whether an irreconcilable conflict exists between the specific section of the FCA at issue and the common law claims raised by appellant.

Although couched in a myriad of colorful fashions,[2] the gravamen of appellant's complaint is that appellee improperly interfered with appellant's use of their shared frequency. Therefore, we must begin our analysis with a careful reading and interpretation of 47 U.S.C. § 333, which states:

### § 333. Willful or malicious interference

No person shall willfully or maliciously interfere with or cause interference to any radio communications of any station licensed or authorized by or under this chapter or adopted by the United States Government.

Our interpretation of this section is guided by several decisions of our sister state and federal courts, which we find both instructive and persuasive. In *Broyde v. Gotham Tower, Inc., supra,* the Sixth Circuit held that plaintiffs, area homeowners, could not maintain a state cause of action for nuisance against defendant radio station owners due to the fact that the core of their complaint involved interference with signal transmissions in violation of § 333 of the FCA. Specifically, plaintiffs averred that the radio signals being transmitted were in excess of the federal allowance, thus causing FM band interference. Heeding the Supreme Court mandate in *Head v. New Mexico Bd. of Examiners in Optometry,* 374 U.S. 424, 83 S.Ct. 1759, 10 L.Ed.2d 983 (1963), that the FCC has exclusive jurisdiction over technical matters involving radio transmissions, the court held that resolution of plaintiffs' common law nuisance claim was barred because it necessarily involved a determination of the technical question of signal transmission.

---

**2.** Examples of the interference alleged by appellant include: failing to monitor frequencies prior to transmission, retransmitting information for no legitimate business purpose, failing to employ proper station identifiers, transmitting modem tones and transmitting bogus pages.

Similarly, in *Blackburn v. Doubleday Broadcasting Co., Inc.*, 353 N.W.2d 550 (Minn.1984), the Supreme Court of Minnesota dismissed a nuisance action brought by Minneapolis area residents against several local radio stations. The claim at issue in *Blackburn* was that defendants' actions resulted in distortion of other local stations' radio signals. The court held that the FCC has exclusive jurisdiction over claims that, at their core, allege interference with signal transmission. This is so regardless of the language used to make the claim or the particular common law or state statutory law used to bring the claim.

We find these cases to be well-reasoned and, thus, hold that appellant's claims are not cognizable. Semantics aside, the core of appellant's complaint alleges interference with radio signal transmissions. In order to evaluate the substance of each of appellant's claims, it would be necessary, as a threshold inquiry, to determine whether appellee's actions caused interference with appellant's frequency use within the meaning of the applicable statute. This would entail a state court deliberating over exactly those types of technical matters which the Supreme Court itself has held to be outside the purview of our jurisdiction.

In so holding, we have not capriciously dismissed those authorities cited to us by appellant. Ever mindful of the presumption against a finding of preemption, we stress that appellant's argument is well-received but, nonetheless, distinguishable in both law and fact.

█ Initially, appellant avers that the specific language of the FCA preserves the right to pursue common law causes of action in the instant matter. For this proposition, appellant cites to 47 U.S.C. § 414, the "savings clause" of the FCA. *In toto,* the clause reads:

§ 414. **Exclusiveness of chapter**

Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

While at first blush this clause may seem to support appellant's argument, such is not the case. Extensive caselaw has held that the FCA is a statute that works to partially preempt state law. *See, e.g., Broyde,* 13 F.3d at 997; *Blackburn,* 353 N.W.2d at 550. This is in keeping with the effort to support dual state and federal jurisdiction over causes of action. In order for dual jurisdiction to exist, however, the state law must be an "addition" to the federal law, not in conflict with it. As previously discussed, assessment of appellant's claims would inevitably necessitate an unlawful encroachment upon an area of exclusive federal jurisdiction, thus creating a direct conflict.

For this reason, we find the cases of *In re Long Distance Telecommunications Litigation,* 831 F.2d 627 (6th Cir.1987) and *King's County Repeater Association, Inc. v. Busacco,* 54 RR.2d 1106 (N.Y.Sup.Ct.1983) to be distinguishable and unpersuasive. The court in *In re Long Distance* held that plaintiff's common law claims for fraud and deceit were not barred by the FCA. This holding hinged upon the fact that the claims, alleging failure to disclose telephone charging rates, did not require any expert, technical, analysis that had been ceded to the FCC through enactment of the FCA. Rather, the issue of whether the defendant telephone companies failed to disclose pertinent billing information required analysis within the conventional experience of the court and, thus, was preserved for their consideration through the FCA savings clause.

Likewise, the New York Supreme Court's decision in *King's County* involved a situation in which technical expertise and national uniformity were not at a premium. Factually, *King's County* involved a dispute somewhat similar to the instant case, in that intentional interference of radio signals was alleged by plaintiff against defendant. Importantly, however, the parties to the action were amateur ham radio operators. This is a distinction with a difference, which appellant fails to realize. The court went to great lengths, we believe rightly so, to iterate that amateur radio operation is not a field which requires national uniformity. The interests at stake, and the

ancillary effects upon national interests and commerce are vastly different when one compares the use of radio signals as a part-time hobby as opposed to a full-time occupation. As with the claims in *In re Long Distance,* these claims were kept intact by the FCA savings clause.

Conversely, the present claim involves the resolution of technical matters ceded to the FCC due to the need for national uniformity and consensus. This is so regardless of the fact that appellant has presented the claim in the garb of traditional common law parlance. The issue of preemption is one of substance, not semantics.

■ We feel compelled to address the policy argument raised by appellant that our refusal to exercise jurisdiction will effectively deny appellant the means to redress the wrongs committed against it. Initially, we note that, even were this averment true, it would not provide a sufficient basis for this court to exercise jurisdiction. Empathy for others' woes and travails may evoke sympathy, but not jurisdiction. Rather, the decision of whether a court is seized with the ability to exercise subject matter jurisdiction must be predicated upon a careful statutory and constitutional foundation.

Finally, our independent research leads us to conclude that appellant's averment is baseless. Section 206 of the FCA specifically provides for the recovery of both compensatory damages and attorney's fees. Additionally, § 207 of the Act provides that an action may be commenced either in a United States district court or through the filing of a formal complaint to the Commission. The election of remedies is exclusive, however, and once the decision to pursue administrative relief is made, this avenue must be exhausted prior to federal judicial review.

Appellant herein filed two complaints with the private radio bureau, an investigative arm of the FCC. These complaints initiated the Commission's investigation and subsequent notices of violation and apparent liability. The current status of these procedures is tangential to the ultimate finding that proper compliance with FCA regulations will ultimately pro-

vide appellant with vindication should its complaint prove credible.

We therefore hold that our state courts are without subject matter jurisdiction to decide the substance of appellant's claim. Through the FCA's enactment, Congress has impliedly preempted state law in the area of interference with radio signal transmissions.

Order affirmed.

DEL SOLE, J., concurs.

DEL SOLE, Judge, concurring.

Because I believe Appellant has elected his remedy by filing two formal complaints with the FCC, I concur in the result reached by the majority.