**Eugene T. LACHAPPELLE, Appellant,**

v.

**INTEROCEAN MANAGEMENT CORPORATION, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1998.

Filed May 25, 1999.

**164**

Edith A. Pearce, Philadelphia, for appellant.

Faustino Mattioni, Philadelphia, for appellee.

Before MUSMANNO, J., and CERCONE, President Judge Emeritus, and BECK, J.

CERCONE, President Judge Emeritus:

¶ 1 Appellant, Eugene T. LaChappelle, appeals the order of the Trial Court dismissing his claim for injuries allegedly sustained while serving as a seaman aboard the vessel S/S Gopher State during the time the ship was taking part in the United States government's military action in the Persian Gulf in April of 1991. We affirm.

¶ 2 Appellant commenced the instant matter by filing a complaint in the Court of Common Pleas of Philadelphia County on April 7, 1994 against Interocean Management, Inc. (hereinafter IOM), Shipping Agent for the government of the United States of America. On April 19, 1994, when IOM received notice of the lawsuit, it, on the same day, advised plaintiff's attorney, Robert S. Sewickles, Esq., by letter with a copy to the Maritime Administration of the United States (hereinafter MARAD)[1] that on the date Appellant was injured, the aforesaid vessel sailed under the ownership and direction of the United States government and that suit had been mistakenly and improperly filed against IOM, since IOM was only an agent for the United States government. *See* Motion to Vacate Default Judgment, filed 6/20/97, Exhibit A. On May 10, 1995, the Senior Admiralty Counsel for the United States Department of Justice wrote to the Prothonotary of the Court of Common Pleas of Philadelphia, with a copy to Appellant's counsel, stating that neither Interocean Management Corporation nor the United States Government would be entering an appearance in the lawsuit nor filing an answer to the complaint. *See* Motion to Vacate Default Judgment, filed 6/20/97, Exhibit C. The letter again advised that the vessel on which Mr. LaChappelle was injured, the S/S Gopher State, was owned by the United States, via MARAD, and that a claim, if any, lies against the United States not Interocean Management, citing 46 U.S.C.App. § 745.

¶ 3 Despite having been so apprised, Default Judgment was subsequently entered against IOM by appellant on June 3,

---

1. MARAD is an agency of the United States and the successor to the United States Maritime Commission which had assumed the functions of the War Shipping Administration. *O'Connell v. Interocean Management Corporation*, 90 F.3d 82, 83, n. 2 (3rd.Cir.1996).

1996. Notice of said judgment was sent by Appellant's counsel to IOM via letter dated October 8, 1996. *See* Motion to Vacate Default Judgment, filed 6/20/97, Exhibit D.

¶4 On June 20, 1997, the United States Government moved to vacate the default judgment and the results of a damage assessment hearing and to dismiss the complaint for lack of subject matter jurisdiction. *See* Motion to Vacate Default Judgment, filed 6/20/97. The United States argued that the vessel S/S Gopher State was owned and operated by the United States and pursuant to the Suits in Admiralty Act (SAA) set forth, *infra*, the United States was the only proper defendant. It was also argued by the United States that the federal courts had exclusive jurisdiction of any claim in admiralty brought against the United States vessel having the same assignment as the S/S Gopher State, and that claims against an agent such as IOM are not in any event permitted. *See* Memorandum in Support of Motion to Vacate Default Judgment, filed 6/20/97.

¶5 The motion at first was denied by the Trial Court, but, upon a motion for reargument filed on August 20, 1997, the Trial Court elected to conduct a hearing on November 24, 1997, restricted to the issue of subject matter jurisdiction. This hearing was conducted before the Honorable Howland W. Abramson, who, at its conclusion, vacated the default judgment and dismissed the action for lack of subject matter jurisdiction. This timely appeal followed.

¶6 In the case of *Fetterman v. Green*, 455 Pa.Super. 639, 689 A.2d 289 (1997), appeal denied, 548 Pa. 648, 695 A.2d 786, (1997), we have previously set forth our standard of review of a trial court's determination that our state courts lacked subject matter jurisdiction due to federal preemption. We said:

When determining whether a trial court correctly decided the issue of subject matter jurisdiction, this Court will ac-

cept as true all facts averred in the complaint. Therefore, the only issue in contention is the competence of our state courts to reach the merits of the claims raised. See e.g. *MacNeal v. I.C.O.A., Inc.*, 382 Pa.Super. 430, [435], 555 A.2d 916, 918 (1989); *Glen Alden Corp. v. Tomchick*, 183 Pa.Super. 306, [308], 130 A.2d 719, 720 (1957). n1

*Id.* at 291. After review, we find that Judge Abramson was correct in ruling that our state courts lacked subject matter jurisdiction, since the federal courts have exclusive jurisdiction over Appellant's claim.

¶7 In 1943 the United States Congress enacted the Clarification Act, 50 App. U.S.C.A. § 1291. This enactment specifically addressed the right of seamen to recover damages for injuries sustained while partaking in war vessel activities. Section 1291(a) sets forth as follows:

Officers and members of crews (hereinafter referred to as "seamen") employed on U.S. or foreign flag vessels as employees of the United States through the War Shipping Administration [MARAD's predecessor] shall, with respect to, ... death, injuries, illness, maintenance and cure ... have all of the rights, benefits, exemptions, privileges and liabilities under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels....Any claim referred to [hereinabove] shall ... be enforced pursuant to the provisions of the Suits in Admiralty Act 46 App. U.S.C.A. § 741 *et seq.*

50 App. U.S.C.A. § 1291.

¶8 In the case of *Cosmopolitan Shipping Company, Inc. v. McAllister*, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949) the Supreme Court addressed the issue as whether a general agent for the management of vessels owned by the United States and operated by the War Shipping Administration (MARAD's predecessor) is liable under the Jones Act, 46 U.S.C.A. § 688 for personal injuries negli-

gently inflicted on seamen after passage of the Clarification Act, 50 U.S.C.A. 1291. The Court held that the purpose of Congress's enactment of the Clarification Act was to extend existing rights of merchant seamen to all seamen employed through the War Shipping Administration. However, importantly, the Court concluded that after passage of the Clarification Act a general agent for the management of vessels owned by the United States and operated by the War Shipping Administration was not liable under the Jones Act for personal injuries negligently inflicted on a seaman. *Id.* 337 U.S. at 800, 69 S.Ct. at 1326.

¶ 9 There is no question under the facts of this case that the S/S Gopher State was, at all material times, owned by the United States through MARAD. *See* Affidavit of Patricia Jean Barile, Ship Manager Coordinator MARAD; Letter of vessel acceptance dated August 31, 1987; Service Agreement executed between MARAD and Interocean Management on March 26, 1984, all attached via praecipe filed August 26, 1997 as substituted Exhibit 2 to Interocean Management Corporation's Motion for Reconsideration. *See also* Lloyd's Register of Shipping and the American Bureau of Shipping Records, attached as Exhibit 5 to Interocean Management's Motion for Reconsideration, filed 8/20/97. Since the ship was owned by the United States Government, a seaman such as LaChappelle was therefore subject to the provisions of the Clarification Act and the incorporated Suits in Admiralty Act.

¶ 10 Section 745 of the Suits in Admiralty Act precludes recovery against an agent of the United States operating a government-owned vessel on any claim.

¶ 11 Section 745 provides:

That where a remedy is provided by this Act it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof, whose act or omission gave rise to the claim . . .

46 U.S.C. § 745. *See also O'Connell v. Interocean Management Corporation*, 90 F.3d 82, 84 (3d. Circuit 1996), discussed at length *infra* ("Section 745 of the [Suits in Admiralty Act], . . ., precludes recovery against an agent of the United States operating a government owned vessel on any claim for which the [Suits in Admiralty Act] or the [Public Vessels Act, discussed *infra* ] provides a remedy against the federal government."); *Petition of the United States*, 367 F.2d 505, 511–512 (3d. Cir. 1966), *cert. denied* 386 U.S. 932, 87 S.Ct. 953, 17 L.Ed.2d 805 (1967)(Section 745 of the Suits in Admiralty Act provides that where remedy exists against the United States for damages caused by public vessel, that remedy is exclusive of recovery against any agent of the United States whose conduct gave rise to such a claim, thus any potential liability employer of seaman had under the Jones Act is imputed vicariously to the Unites States.)

¶ 12 Section 742 of the Suits in Admiralty Act vests exclusive jurisdiction for an admiralty suit against the United States within the Federal District Courts. Section 742 provides:

In cases where if such vessel were privately owned or operated . . . or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States. Such suits **shall** be brought in the district court of the United States . . .

46 U.S.C. § 742 (emphasis supplied).

¶ 13 The Public Vessels Act also applies to claims involving public vessels, however it too vests jurisdiction for claims against the Federal Government as ship owner within the U.S. District Courts. Section 781 of the Public Vessels Act provides:

A libel in personam in admiralty may be brought against the United States or a petition impleading the United States,

for damages caused by a public vessel of the United States.

46 U.S.C. § 781. 46 U.S.C. § 782 provides that: "Such suit **shall** be brought in the District Court of the United States ..."

¶14 It is apparent that from the holdings in the federal court opinions and provisions in the federal statutes discussed herein that the exclusive jurisdiction for claims such as Appellant's lies solely with the federal courts. The record of this case plainly establishes IOM's status as an agent of the U.S. and that the vessel upon which Appellant was injured, the S.S. Gopher State, was being operated for the U.S. in accordance with directions, orders, and regulations as promulgated by the U.S. Thus our courts have no jurisdiction in this matter.

¶15 This same conclusion was reached by a sister appellate court in Florida under similar circumstances in the case of *Cove Shipping, Inc. v. Doss*, 485 So.2d 1326, 1987 AMC 1660 (Fla.Dist.Ct.App.1 st.Dist. 1986). In this case the plaintiff was injured while performing repair work aboard a tanker owned by the United States Navy and operated by a shipping agent, Cove. The plaintiff commenced a negligence action in the state court of Florida against the agent Cove only. Cove did not answer the complaint and default judgment was entered against it by the plaintiff. The trial court refused to vacate the judgment. On appeal the Florida Court of Appeals reversed.

¶16 The Court held:

The complaint shows on its face that the ship alleged to have been involved was a public vessel owned by the United States. In five different paragraphs of the complaint the vessel is identified as the USNS Columbia. ("USNS" is an abbreviation for United States Naval Ship). The Public Vessels Act and the Suits in Admiralty Act together provide that the federal district courts have exclusive subject matter jurisdiction of actions arising out of injuries sustained on public vessels of the United States.

Pursuant to these acts, admiralty proceedings in personam against the United States for damages for injuries sustained on a public vessel may be brought only in federal court. Section 745 of the Public Vessels Act provides that such remedy is exclusive of any action against the agent or employee of the United States whose act or omission gives rise to the claim.

The courts of this state have no subject matter jurisdiction over suits for damages against agents of the United States for injuries or damages sustained on a public vessel. State courts do not even have concurrent subject matter jurisdiction over suits against the United States that are timely brought within the two-year limitation. No admiralty proceedings against an agent of the United States may be maintained for injuries occurring on a public vessel since the plaintiff has an adequate remedy against the United States pursuant to the Acts. Therefore, only a timely admiralty proceeding against the United States could have been maintained under the facts of this case. *Watts v. Pinckney*, 752 F.2d 406 (9 Cir.1985); *Doyle v. Bethlehem Steel Corporation*, 1975 AMC 588, 504 F.2d 911 (5 Cir.1974); *Carter v. American Export Isbrandtsen Lines, Inc.*, 1969 AMC 1096, 411 F.2d 1185 (2 Cir. 1969).

485 So.2d 1327–1328, 1987 AMC 1660, 1661.

¶17 Further we emphasize that lack of subject matter jurisdiction is a defense that cannot be waived. *Shields v. C.D. Johnson Marine Service*, 342 Pa.Super. 501, 493 A.2d 701, 703, n. 1 (.1985). As stated by our Supreme Court in *DeCoatsworth v. Jones*, 536 Pa. 414, 639 A.2d 792:

"It is never too late to attack a judgment or decree for want of jurisdiction. That question is always open." *In Re Simpson's Estate*, 253 Pa. 217, 225, 98 A. 35, [38] (1916). "Such a judgment is

entitled to no authority or respect, and is subject to impeachment in collateral proceedings at any time by one whose rights it purports to affect." *Moskowitz's Registration Case*, 329 Pa. 183, 190, 196 A. 498, [502] (1938). "The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved...." *In Re Patterson's Estate*, 341 Pa. 177, 180, 19 A.2d 165, 166 (1941) (emphasis added). Moreover, [it] is "well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void and is subject to attack by the parties in the same court or may be collaterally attacked at any time." *Com. ex rel. Howard v. Howard*, 138 Pa.Super. 505, 508, 10 A.2d 779, 781 (1940).

*Id.*, at 421–422, 639 A.2d at 796. *See also Bunt v. Pension Mortgage Associates*, 446 Pa.Super. 359, 666 A.2d 1091, 1096 (1996) (Issues relating to subject matter jurisdiction are never waived.)

¶ 18 The effect of the above referenced federal statutes in barring a claim for injury by a seaman directly against IOM because of IOM's status as an agent of the United States Government has been analyzed by our Third Circuit Court of Appeals in the case of *O'Connell v. Interocean Management Corp.*, 90 F.3d 82 (3rd Cir.1996), which also arose out of an occurrence on the very same vessel involved in the instant case, the Gopher State. In 1991, Mr. O'Connell had been employed as a merchant seaman aboard the Gopher State, which as recounted above, was at the time owned by the United States Maritime Administration (MARAD), and operated by IOM as agent for the United States. On July 19, 1991, while on board

the Gopher State, O'Connell accidentally severed the tendon in his left little finger while operating a grinding wheel. In November of 1991, O'Connell signed a release in favor of IOM, in return for which IOM agreed to pay him for lost wages and medical expenses incurred as a result of the injury.[2] Because IOM delayed in paying O'Connell's medical bills, O'Connell filed an action alleging that IOM was liable for punitive damages in that it had arbitrarily and capriciously delayed paying maintenance and cure. IOM moved to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that the exclusivity provision of the Suits in Admiralty Act [SAA] (46 U.S.C.App. § 745, set forth fully *supra*) precludes a seaman's claim for maintenance and cure against a private operator of a vessel owned by the United States. The District Court granted IOM's motion to dismiss holding that all of O'Connell's personal injuries claims fell within the same subject matter as a claim for which the Suits in Admiralty Act (SAA) provides a remedy and therefore within the exclusivity provision of the Act.

¶ 19 The primary issue O'Connell raised on appeal was whether a punitive damage claim, which was premised on an alleged arbitrary and willful failure on the part of IOM to pay O'Connell's maintenance and cure expenses, was barred by 46 U.S.C. § 745. The Circuit Court found that O'Connell's claim was barred by 46 U.S.C. § 745.

¶ 20 The Circuit Court in review held that the SAA requires a seaman to bring his action against the United States and not its agent, to collect unpaid maintenance and cure. The Circuit Court held the subject matter of O'Connell's claim, which was an alleged arbitrary and willful failure to pay the claim for maintenance

---

**2.** As the Circuit Court explained, "Although the record does not disclose whether the United States reimbursed IOM for its payment to O'Connell, IOM made those payments as an agent for the United States and presumably sought reimbursement for them." See *O'Connell* at 90 F.3d at 83.

and cure, cannot be regarded as a cause of action separate from simple failure to pay maintenance and cure benefits when due. Such punitive damages can be considered no more than an additional remedy within the seaman's maintenance and cure action. Thus it was held the remedy provided by the SAA encompasses the seaman's remedy for arbitrary and willful failure to pay maintenance and cure benefits when due, and necessarily bars any such action against IOM. *O'Connell*, 90 F.3d at 85–86, citing *Manuel v. United States*, 50 F.3d 1253, 1260 (4th Cir. 1995).

¶ 21 It is clear then, contrary to appellant's contention in our case, all claims of whatsoever nature and cause, including punitive damages, for injuries occurring on a ship owned by the United States must be brought only against the United States in a federal court and not against its agent who is operating the ship. The reason is clear –an avoidance of duplication of jurisdiction over injury claims by both state and federal courts, which would produce uncertain, conflicting results whenever seamen are injured on United States vessels and then seek recovery.

¶ 22 Order affirmed.