J-S89035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEVEN BURDA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MARY CUSHING DOHERTY, ESQUIRE, JOO Y. PARK, ESQUIRE, ANDREW W. FERICH, ESQUIRE, AND HIGH SWARTZ, LLP | |
| | No. 3800 EDA 2015 |

Appeal from the Order Entered November 19, 2015
in the Court of Common Pleas of Montgomery County Civil Division
at No(s): 2014-27298

BEFORE: SHOGAN, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:　　　　　　**FILED DECEMBER 30, 2016**

Appellant, Steven Burda, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas granting the motion to dismiss with prejudice Appellant's Amended Complaint filed by Appellees, Mary Cushing Doherty, Esq., Joo Y. Park, Esq., Andrew W. Ferich, Esq. and High Swartz, LLP.[1]  We affirm.

The trial court summarized the facts and procedural history as follows:

> This case arose out of Appellee [Doherty's] role as
> arbitrator in Appellant's underlying divorce litigation.  On

---

[*] Former Justice specially assigned to the Superior Court.

[1] The trial court noted that Appellees "Joo Y. Park and Andrew W. Ferich were law clerks and/or associates at High Swartz at the time of this case's events."  Trial Ct. Op., 1/28/16, at 1 n.1.

or about October 28, 2011, Appellant, his ex-spouse Alla Korenman, and Appellee Doherty entered into a binding "Agreement to Arbitrate." The Agreement gave Appellee Doherty the authority to "consider, adjudicate, and make awards on the economic issues in the pending divorce" and "to resolve related issues of discovery."

After arbitration proceedings concluded, Appellee Doherty issued an Arbitration Award on June 27, 2012. After both parties made requests for reconsideration and clarification, Appellee Doherty issued a revised Final Arbitration Award on September 4, 2012. Appellant was represented in arbitration by Attorney (now Judge) Daniel Clifford and subsequently Andrew Laird. Presently, Appellant represents himself *pro se*.

After the Final Arbitration Award was issued, Appellant filed a Petition to Vacate Final Arbitration Award on October 4, 2012, alleging, *inter alia*, that the arbitrator, Appellee Doherty, was improperly biased against him. Appellant also filed a Petition for Modification or Correction of Arbitration Award. After a hearing, Judge Daniele denied both petitions . . . .[2]

On or about October 3, 2014, Appellant initiated the instant action against [Appellees] for legal malpractice, among various other causes of action. After oral arguments, this [c]ourt sustained the majority of Appellee's Preliminary Objections, allowing Appellant to file an Amended Complaint limited to breach of contract and/or professional negligence causes of action. Thereafter, Appellees filed a Motion to Dismiss the Amended Complaint pursuant to Pa.R.C.P. 233.1. This [c]ourt granted said Motion, dismissing Appellant's Amended Complaint with prejudice and barring Appellant from pursuing additional *pro se* litigation against Appellees raising the same or related claims without leave of court.

---

[2] This Court affirmed the trial "court's orders of December 6, 2012, and December 13, 2012, dismissing [Appellant's] petition to vacate final arbitration award and petition to modify or correct final arbitration award on the basis of the trial court's opinion." ***Burda v. Korenman F/K/A Burda***, 315 EDA 2013 (unpublished memorandum at 8) (Pa. Super. Jan. 15, 2014).

J-S89035-16

Trial Ct. Op., 1/28/16, at 1-2 (citation and footnote omitted). Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant raises the following issues for our review:

1. The trial Court (Judge Steven C. Tolliver, Sr.) had erred and/or grossly abused its discretion, committed an error of law and legal procedures, by **not** having **nor** requiring the parties be sworn-in or otherwise affirmed under oath in the November *argument*, thus **not** having a record under oath and this is contrary to the rules and legal procedures, making the argument a legal nullity and default judgment is not favored by the Courts at any level. (Note: there was no hearing nor trial, just short-list argument).

2. The trial Court (Judge Steven C. Tolliver, Sr.) had erred and/or grossly abused its discretion, committed an error of law and legal procedures, by not giving an opportunity to have a hearing nor trial, where a trial by jury was demanded, and simply granted preliminary objections of the defendant on grounds not on the records nor in any of the filings. No swearing-in of the parties or their witnesses at the time of the argument. No transcripts made available.

3. The trial Court (Judge Steven C. Tolliver, Sr.) had erred and/or grossly abused its discretion, committed an error of law and legal procedures by simply favoring the attorney for opposing party versus an educated and well-informed plaintiff, and by default ruling for the attorney. No swearing-in of the parties or their witnesses at the time of the argument. No transcripts made available.

4. The trial Court (Judge Steven C. Tolliver, Sr.) had erred and/or grossly abused its discretion, committed an error of law and legal procedures by ignoring the complete record, objections, facts and legal authority provided by the Plaintiff by simply ignoring the true facts of the cases. No swearing-in of the parties or their witnesses at the time of the argument. No transcripts made available.

- 3 -

5. The trial Court (Judge Steven C. Tolliver, Sr.) had erred and/or grossly abused its discretion, committed an error of law and legal procedures by **not** permitting any witnesses to testify at any of the proceedings (hearing/trial) and thus keeping the plaintiff out of court, by further not permitting nor compelling the Defendants to participate or produce discovery as properly filed by the Plaintiff, where the Amended Complaint was **not** frivolous, and accurate in fact and law. No swearing-in of the parties or their witnesses at the time of the argument. No transcripts made available.

6. The trial Court (Judge Steven C. Tolliver, Sr.) had erred and/or grossly abused its discretion, committed an error of law and legal procedures by allowing hearsay statements by the defendants' attorney on an unrelated, complete different case of the Plaintiff where the Defendant was not a party at all. No swearing-in of the parties or their witnesses at the time of the argument. No transcripts made available.

7. The trial Court (Judge Steven C. Tolliver, Sr.) had erred and/or grossly abused its discretion, committed an error of law and legal procedures by favoring and protecting the attorney for the defendant, and targeting the *pro-se* Plaintiff, simply ruling that Plaintiff had no grounds without any hearing or trial, and contrary to the record appearing on the trial docket. No swearing-in of the parties or their witnesses at the time of the argument. No transcripts made available.

8. The trial Court (Judge Steven C. Tolliver, Sr.) had erred and/or grossly abused its discretion, committed an error of law and legal procedures by accepting *ex parte* faxes and other communication from attorney for the defendants.

Appellant's Brief at 5-6.

As a prefatory matter, we consider whether Appellant has waived the issues raised on appeal. Our Rules of Appellate Procedure set forth the required contents of appellate briefs. **See** Pa.R.A.P. 2111(a)(1)-(11). "The

statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail." Pa.R.A.P. 2116(a).

> The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Citations of authorities must set forth the principle for which they are cited. Pa.R.A.P. 2119(b).

This Court has stated:

> Rule 2119 contains mandatory provisions regarding the contents of briefs. We have held consistently, [a]rguments that are not **appropriately** developed are waived.
>
> It is the appellant who has the burden of establishing his entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the appellant has failed to cite any authority in support of a contention, the claim is waived.

*Bunt v. Pension Mortg. Assocs., Inc.*, 666 A.2d 1091, 1095 (Pa. Super. 1995) (quotation marks and citations omitted); *accord J.J. Deluca Co. v. Toll Naval Assocs.*, 56 A.3d 402, 412 (Pa. Super. 2012).

Instantly, the argument section of Appellant's brief recites the issues raised on appeal verbatim without any legal analysis or citation to authority. Because Appellant has cited no legal authority, he has waived his claims on

- 5 -

appeal.[3]  **See** Pa.R.A.P. 2119(a), (b); **J.J. Deluca Co.**, 56 A.3d at 412;

**Bunt**, 666 A.2d at 1095.  Therefore, we affirm the order of the trial court.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016

---

[3] This Court has noted:

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because [he] lacks legal training.  As our supreme court has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

**O'Neill v. Checker Motors Corp.**, 567 A.2d 680, 682 (Pa. Super. 1989) (citations omitted).