J-A15010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GINGER L. BACHMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DEAN T. BACHMAN | : | |
| | : | |
| Appellee | : | No. 2998 EDA 2019 |

Appeal from the Order Entered September 17, 2019
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): No. 2009-FC-0200

BEFORE: LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KING, J.: **FILED NOVEMBER 23, 2020**

Appellant, Ginger L. Bachman ("Wife"), appeals *pro se* from the order entered in the Lehigh County Court of Common Pleas, which found Wife in contempt for violation of the equitable distribution agreement between Wife and Appellee, Dean T. Bachman ("Husband") and granted Husband's petition for enforcement of the February 14, 2018 equitable distribution order. For the following reasons, we affirm.

In its opinion, the trial court set forth the relevant facts and procedural history of this case as follows:

> The parties married on April 23, 1994. [Wife] filed a Complaint in Divorce on February 19, 2009.[2] The Divorce Complaint requested the entry of a divorce decree and raised claims sounding in equitable distribution, support, and equitable distribution of the parties' marital assets and

_____

[*] Retired Senior Judge assigned to the Superior Court.

liabilities.

<sup>2</sup> The Complaint contained a custody count as well. They litigated custody issues over the years since the filing of the original Complaint. The parties' children are now adults and the custody action is no longer pending.

On November 19, 2009, [Husband] filed a Petition for Special Relief which requested, *inter alia*, the entry of an order prohibiting the parties from disposing of any of their personal property. The [court] entered an Order on December 22, 2009 granting that relief, as well as requiring that the parties provide an accounting as to property disposed [of at] that time. [The court] also authorized an inventory and appraisement as to all automobile parts, tools, and other related items in the parties' possession.

On May 12, 2010, [Husband] filed a Petition for Modification seeking access to [Wife's] property to address issues related thereto. [The court] granted that request and provided [Husband] access to [Wife's] property to photograph and take inventory of personal property, as well as to remove certain items from the basement and attic of the garage at [Wife's] home.

On April 4, 2016, [Husband] filed an Inventory of marital assets and liabilities. On September 8, 2016, [Husband] filed a Motion for the Appointment of a Master. That motion was granted [and a master] was appointed…for the within matter.

After an initial Master's Conference on October 31, 2016, a settlement conference was scheduled for December 9, 2016. After the parties were unable to reach a settlement agreement, a Master's Hearing was held on January 30, 2017.

On January 29, 2018, [the master] filed a Report of the Master in Divorce. Among the findings of the Hearing Officer was a determination that the parties agreed [Wife] would retain a residential property located at 112 Railroad/Cherry Street in Slatington, Lehigh County, Pennsylvania…. [Wife] also agreed that she would take responsibility to pay a

smaller line of credit in the amount of $8,000.00 which was incurred after the parties had separated. [Husband] would be responsible for refinancing any other debt on the Railroad/Cherry Street property in his name alone. After neither party filed Exceptions to the Report, it was adopted as an Order of Court on February 14, 2018 and filed on February 15, 2018.

Within the terms of the February 14, 2018 Order, [Wife] was assigned 112 Railroad/Cherry Street as her sole and exclusive property. Paragraph 9 of the Order provided that [Wife] "shall take *no* responsibility for $25,000.00 worth of debt against 112 Railroad/Cherry Street property, which amount shall include the approximate amount of $8,000.00 remaining on the smaller home equity loan/line of credit which in the aggregate totals $25,000.00." (Order, February 14, 2018 ¶ 9 (emphasis added).) This language was a typographical error; it was supposed to provide that [Wife] "shall take *on* responsibility for the $25,000.00 worth of debt…"

Paragraph 9 of the February 14, 2018 Order further provided, "Neither party shall further encumber the real property until their respective names have been removed from the obligations as set forth above." (*Id.*)

On October 25, 2018, [Husband] filed a Petition for Contempt of the Court Order of February 14, 2018 alleging that [Wife] violated the terms of that Order by incurring four obligations totaling $33,131.76 in debt solely in her name against the title to 112 Railroad/Cherry Street which [Wife] failed to disclose to [the master] during the January 30, 2017 hearing. Consequently, following a hearing before the undersigned, the [c]ourt entered an Order on November 20, 2018 remanding the matter back to [the master for further proceedings].

On January 31, 2019, the parties had a status conference with [the master] regarding the issues subject to the remand at which they reached a settlement agreement. On February 1, 2019, [the master] provided a proposed Order of Court incorporating the parties' agreement which, in relevant part, provided [Wife] until April 1, 2019 to pay off the $25,000 debt. [Wife] did not file any Exceptions

- 3 -

thereto, but the proposal was not adopted as an Order of Court.

On June 10, 2019, [Husband] filed a "Petition of [Husband] for Enforcement of the Parties' February 14, 2018 Agreement Reached Before the Master and Entry of a Divorce Decree." This petition sought to hold [Wife] in contempt for failing to pay off the debts incurred against 112 Railroad/Cherry Street. It also sought to compel [Wife] to execute the necessary documentation in order for the [c]ourt to enter a Divorce Decree.

On June 29, 2019,[1] the [c]ourt held a hearing on [Husband's] Petition to Enforce. On August 15, 2019, the [c]ourt entered an Order which was filed on August 16, 2019. That Order directed [Wife] to pay the sum of $25,000.00 to retire or pay off liens which were filed against the title to the property which was held in both parties' names at 112 Railroad/Cherry Street, Slatington, Lehigh County, Pennsylvania, which included the $8,000 to pay off the smaller home equity loan/line of credit which was filed against the title of the property. The [c]ourt further ordered the parties to appear on September 11, 2019 in order for [Wife] to provide proof that she had complied with the [c]ourt's August 15, 2019 Order. In addition, the [c]ourt granted [Husband's] request that [Wife] execute the necessary documentation to allow the [c]ourt to enter a Divorce Decree on September 11, 2019.[3]

> [3] The parties' divorce was granted on September 18, 2019.

The [c]ourt held a hearing on September 11, 2019, as well as on September 16, 2019 and September 17, 2019. On September 17, 2019, the [c]ourt entered an Order reflecting that the parties agreed to jointly list the 112 Railroad/Cherry Street property for sale with an agreement to use the proceeds from the sale of that property to satisfy any

---

[1] The docket entries indicate that this hearing took place on July 29, 2019.

outstanding marital debt, specifically the $25,000.00.[2]

On September 24, 2019, the [c]ourt entered an additional Order ruling on [Husband's] request for counsel fees. The [c]ourt awarded [Husband] $1,543.00 in counsel fees for the litigation stemming from the Petition to Enforce.

[Wife] filed a Notice of Appeal on October 16, 2019, appealing from the Order entered on September 17, 2019. The [c]ourt entered an order directing her to file a Concise Statement of [Errors] Complained of on Appeal on October 18, 2019. Due to a clerical error, the [c]ourt omitted an admonition that said statement must be filed within twenty-one days per Rule of Appellate Procedure 1925(b). [Wife] failed to file a Concise Statement. On November 14, 2019, the [c]ourt entered an Order with a brief opinion [deeming all issues waived for failure to comply with the court's Rule 1925(b) order] and directed that the record be transmitted to the Superior Court of Pennsylvania.

* * *

On July 21, 2020, the Superior Court remanded the matter on the basis of the [c]ourt's omission of a time period within which [Wife] was required to file a Concise Statement.

On August 24, 2020, [the court] issued a new [Rule] 1925(b) Order. [Wife] filed her Concise Statement on September 14, 2020.

(Supplemental Trial Court Opinion, filed October 5, 2020 at 2-6).

Wife raises the following issues for our review:

Did the court abuse its powers by holding a contempt hearing against [Wife] brought by [H]usband while [H]usband was in contempt himself[?]

Did the court abuse its powers by denying [Wife] a

_____

[2] By its order, the court granted Husband's petition for enforcement of the February 14, 2018 equitable distribution order and found Wife in contempt. (**See** Order, dated September 17, 2019).

continuance so she could obtain counsel prior to the contempt hearing taking place?

Did the court abuse its power by ignoring its [own] order for a new equitable distribution hearing before the master of divorce and [chose] not to vacate the previous order entered into by the court which was sign[ed] prematurely which denied [Wife] the right to file exceptions and which [Husband] requested be vacated and for a new equitable distribution hearing to take place?

Did the court [err] in not allowing [Wife] to offer into evidence the rules of civil procedure with regard to service of correspondence which changed the terms in such a way that would cause undue hardship to [Wife] of the proposed marital settlement agreement from opposing counsel to [Wife]?

Did the court act in a biased manner by changing the wording of the property settlement agreement which was to be vacated but instead decided by the court would remain in effect with changes that made it impossible for [Wife] to comply with?

Did the [trial] court [err] by denying [Wife] alimony and ruling [that she has] not established the need for alimony after the divorce?

(Wife's Brief at 7-8).

As a preliminary matter, we note that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. As to the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119. Argument**

**(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein,

followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).  Importantly, where an appellant fails to properly raise or develop her issues on appeal, or where her brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal.  *Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law).  *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention); *Jones v. Jones*, 878 A.2d 86 (Pa.Super. 2005) (explaining failure to argue and cite to supporting relevant authority constitutes waiver of issue on appeal); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal); *Bunt v. Pension Mortg. Associates, Inc.*, 666 A.2d 1091 (Pa.Super. 1995) (stating it is appellant's

responsibility to establish entitlement to relief by showing that trial court's ruling is erroneous; where appellant presents position without elaboration or citation to law, this Court can decline to address appellant's bare argument).

Additionally, "it is the responsibility of the [a]ppellant to supply this Court with a **complete** record for purposes of review." **Smith v. Smith**, 637 A.2d 622, 623 (Pa.Super. 1993), *appeal denied*, 539 Pa. 680, 652 A.2d 1325 (1994) (emphasis in original). "[A] failure by an [a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) sought to be examined." **Id.** at 623-24. **See also Kessler v. Broder**, 851 A.2d 944 (Pa.Super. 2004), *appeal denied*, 582 Pa. 676, 868 A.2d 1201 (2005) (reiterating appellant's responsibility to produce complete record for appeal). Our Rules of Appellate Procedure require the appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). If an appellant fails to take action required by these rules and the Pennsylvania Rules of Judicial Administration for preparation of relevant transcripts, this Court may take such action as it deems appropriate. Pa.R.A.P. 1911(d).

Furthermore:

> Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing.

**In re Ullman**, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610

- 8 -

Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted).

Instantly, Wife raises six issues in her statement of questions presented. Nevertheless, the argument section of her brief is not divided into separate sections for each question raised, in direct violation of Rule 2119(a). **See** Pa.R.A.P. 2119(a). In fact, the argument section does not even track the same order as the issues outlined in her statement of questions presented and appears to raise other issues not fairly suggested by the statement of questions presented, which makes her argument section even more difficult to follow. **See** Pa.R.A.P. 2116(a) (explaining statement of questions involved must state concisely issues to be resolved, expressed in terms and circumstances of case but without unnecessary detail; no question will be considered unless it is stated in statement of questions involved or is fairly suggested thereby). More importantly, as Husband points out in his brief, Wife fails to cite any relevant legal authority for most of the issues raised in her statement of questions presented. **See** Pa.R.A.P. 2119(a).

Further, the sole transcript included in the certified record is from the master's hearing on January 30, 2017. The record indicates the court held hearings pertinent to our review on November 19, 2018, June or July 29, 2019, September 11, 2019, September 16, 2019, and September 17, 2019. The record also shows that Wife submitted a transcript request along with her notice of appeal. Specifically, Wife requested transcripts for September 9, 2019, September 10, 2019, September 12, 2019, September 16, 2019, and

September 17, 2019.

On October 22, 2019, the trial court granted Wife's request for the transcripts of September 16th and 17th, 2019, **if** Wife tendered payment for those transcripts. The court denied Wife's request for transcripts dated September 9th, 10th, and 12th, 2019, stating no hearings took place on those dates. Nevertheless, Wife failed to pay for the relevant transcripts. Consequently, the court entered another order on November 14, 2019, denying Wife's request for transcripts due to her noncompliance with the court's October 22, 2019 order and the rules of appellate procedure. **See** Pa.R.A.P. 1911(a).

As a result of Wife's failure to present cogent arguments on appeal with citations to relevant legal authority, and to insure the certified record contained all necessary transcripts, we are unable to conduct meaningful review of Wife's issues on appeal. These defects are substantial and warrant waiver of Wife's claims.[3] **See Lackner, supra**; **Jones, supra**; **Estate of Haiko, supra**; **Bunt, supra**. **See also** Pa.R.A.P. 1911(d); **Kessler, supra**. Accordingly, we affirm.

Order affirmed.

_____

[3] We note that our review of the January 30, 2017 master's hearing transcript and the **entirety** of the court's February 14, 2018 equitable distribution order supports the trial court's explanation regarding the typographical error in the February 14, 2018 order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/20