IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lindsay E. Green,                          :
                        Appellant          :
                                           :
        v.                                 :    No. 457 C.D. 2022
                                           :    Submitted: March 17, 2023
City of Johnstown Police                   :
Department, Robert Johnson,                :
an individual, and Chad A. Miller,         :
an individual                             :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                      FILED: July 10, 2023

        Lindsay E. Green (Green) appeals from the order entered by the Court
of Common Pleas of Cambria County (trial court) sustaining the preliminary
objections filed by the City of Johnstown Police Department (Department), Robert
Johnson, and Chad A. Miller (collectively, Defendants), and dismissing with
prejudice Green's third amended complaint.  Because Green filed an untimely
Pa.R.A.P. 1925(b) statement, she waived all issues for appellate review, and we
affirm.

## I. BACKGROUND

        Because of our disposition, we need not restate the facts at length.
Green was married to the decedent, a Department police officer.  Third Am. Compl.,
7/21/21, ¶¶ 3, 5, 14.  Green recounted two violent and dangerous incidents in which
the decedent was involved as a police officer.  *See generally id.*  Green and the
decedent were also involved in a domestic dispute that resulted in criminal charges

against the decedent and the decedent's hospitalization for depression. *Id.* ¶¶ 62, 72. The decedent committed suicide. *Id.* ¶ 86.

Green sued Defendants for negligence. *Id.* ¶¶ 88-94. Defendants filed preliminary objections to Green's third amended complaint, which the trial court sustained. Order, 11/1/21. Green timely appealed.[1] On December 28, 2021, the trial court ordered Green to comply with Pa.R.A.P. 1925(b) within 21 days, *i.e.*, January 18, 2022. Green filed a Rule 1925(b) statement on January 26, 2022. Rule 1925(b) Statement, 1/26/22.

## II. ISSUES

Green raises three issues. First, Green contends the trial court erred in rejecting her contention that there was a "special relationship between Defendants and [Green] and [the decedent]." *Id.* ¶ 1. Next, Green asserts that the court erred by holding there was no proximate cause between Defendants' negligence and the decedent's suicide. *Id.* ¶ 2. Finally, Green argues that the court erred by holding that the police could have charged the decedent following the domestic dispute without her statement. *Id.* ¶ 3.

## III. DISCUSSION[2]

We need not summarize Green's arguments in support of her issues. In

---

[1] Green appealed to the Superior Court, which transferred the appeal to this Court. *Green v. City of Johnstown Police Dep't* (Pa. Super., No. 1487 WDA 2021, filed March 31, 2022) (order).

[2] "Our standard of review in this appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. We recognize a demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; we must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020) (cleaned up). We add that we may cite to Superior Court cases to the extent we find their reasoning persuasive. *Pa. State Police v. Madden*, 284 A.3d 272, 278 n.13 (Pa. Cmwlth. 2022).

*Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005), our Supreme Court emphasized "the bright-line rule" that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." *Castillo*, 888 A.2d at 780 (cleaned up). The *Castillo* Court disapproved of any decisions by the intermediate courts that "addressed issues that should have been deemed waived." *Id.* Our Supreme Court therefore reversed the Superior Court's decision, which resolved an issue raised in an appellant's untimely Rule 1925(b) statement. *Id.* at 778, 780.

Instantly, like the defendant in *Castillo*, Green untimely filed her Rule 1925(b) statement. *See id.* at 778. Much like the Superior Court in *Castillo*, this Court cannot address issues raised in Green's untimely filed Rule 1925(b) statement. *See id.* at 780. Accordingly, we affirm.

Regardless, we would hold that Green waived her issues for appellate review on a different basis. "It is the appellant who has the burden of establishing . . . entitlement to relief by showing that the ruling of the trial court is erroneous under the evidence or the law. Where the appellant has failed to cite any authority in support of a contention, the claim is waived." *Bunt v. Pension Mortg. Assocs., Inc.*, 666 A.2d 1091, 1095 (Pa. Super. 1995) (cleaned up); Pa.R.A.P. 2119(a).

Green's one-sentence "summary of the argument" references an "agreement of sale" and "mutual mistake," which has no bearing on the instant case. Green's Br. at 20 (unpaginated). The subsequent pages of Green's brief are blank except for "Page 2." *Id.* at 21-22. On the following page, under the heading "Argument," is a single sentence: "Whether the Court erred in rejecting the existence of a 'special relationship between Defendants and Plaintiffs and the Decedent?" *Id.*

at 23. Following that single-sentence "argument," is Green's conclusion, which requests this Court to order the trial court to draft a decision resolving issues raised in *summary judgment* motions. *Id.*[3] Because we cannot advocate on behalf of Green or her counsel, we would also hold Green waived her issues for lack of development. *See Commonwealth v. B.D.G.*, 959 A.2d 362, 371 (Pa. Super. 2008); *Bunt*, 666 A.2d at 1095.

## IV. CONCLUSION

Accordingly, we affirm the trial court's order sustaining Defendants' preliminary objections and dismissing with prejudice Green's third amended complaint.

LORI A. DUMAS, Judge

---

[3] We add that Green's appellate brief has a "statement of the case" discussing facts of a wholly unrelated matter, including argument on a trusts issue. Green's Br. at 5-11 (unpaginated) (discussing 20 Pa.C.S. § 7771 and conversion of trust assets).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lindsay E. Green,               :
              Appellant     :
                                 :
             v.              :    No. 457 C.D. 2022
                                 :
City of Johnstown Police         :
Department, Robert Johnson,    :
an individual, and Chad A. Miller,   :
an individual                  :

# **O R D E R**

AND NOW, this 10th day of July, 2023, we affirm the order entered by the Court of Common Pleas of Cambria County on November 1, 2021, which sustained the preliminary objections filed by City of Johnstown Police Department, Robert Johnson, and Chad A. Miller, and dismissed with prejudice the third amended complaint filed by Lindsay E. Green.

                                     _____

                                     LORI A. DUMAS, Judge