J-S46034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| GERMAN TOWNSHIP PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LITTLE KNIGHTS BASEBALL LEAGUE | : | |
| AND ROTARY INTERNATIONAL | : | |
| | : | No. 792 WDA 2024 |
| | : | |
| APPEAL OF: LITTLE KNIGHTS | : | |
| BASEBALL LEAGUE | : | |

Appeal from the Decree Entered June 25, 2024
In the Court of Common Pleas of Fayette County Civil Division at No(s):
No. 333 of 2023, G.D.

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED: April 21, 2025**

Appellant, the Little Knights Baseball League, appeals from the decree entered in the Fayette County Court of Common Pleas, which quieted title to property in favor of German Township, Pennsylvania.  We affirm.

The relevant facts and procedural history of this case are as follows. Appellant was a registered non-profit youth baseball league that utilized baseball fields owned by the league.  One such field ("the property") is located in German Township.  Appellant acquired the title to the property through a deed from the Rotary Club of Masontown.  The deed included a "reverter" clause stating that the property would be reconveyed to the Rotary Club if Appellant went out of business and, if the Rotary Club no longer existed, the property would be dedicated to German Township.  Appellant ceased

operations in 2017.

On January 12, 2024, the Township filed an amended complaint to quiet title, alleging that neither Appellant nor the Rotary Club continued to exist. On April 2, 2024, the Township filed a 10-day notice of intent to seek a default judgment pursuant to Pa.R.C.P. 1066 due to Appellant's failure to respond.

On April 12, 2024, Appellant filed an answer; however, on April 30, 2024, the Township filed a petition seeking entry of default judgment, arguing that Appellant's answer failed to include a verification statement executed by Appellant's representative. On May 7, 2024, Appellant filed a verified answer.

On May 14, 2024, the court granted the Township's petition for default judgment. On May 20, 2024, the Township filed a *praecipe* for entry of default judgment in favor of the Township and against Appellant. That same day, the prothonotary's office sent notice that default judgment had been entered in favor of the Township. On May 31, 2024, Appellant filed a petition to open the default judgment. On June 3, 2024, the court entered an order denying the petition to open the default judgment. On June 11, 2024, the Township filed a motion seeking entry of a decree to quiet title. On June 25, 2024, the court entered a decree quieting title.

Appellant filed the instant notice of appeal on July 1, 2024, from the decree quieting title.[1] On July 2, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal within 21 days

---

[1] Appellant filed a second notice of appeal, docketed at No. 791 WDA 2024, from the order denying its petition to open default judgment.

- 2 -

of the entry of the order, and warned that failure to comply would result in waiver of all issues on appeal. Appellant filed a concise statement docketed on July 29, 2024, beyond the 21-day deadline. On August 14, 2024, the trial court issued an opinion stating that Appellant's issues on appeal should be deemed waived based on Appellant's untimely filing.

Preliminarily, we observe that appellants must timely comply whenever the trial court orders them to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). ***Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306 (1998). The holding in ***Lord*** is intended to operate as a "bright-line rule" and failure to comply will result in the automatic waiver of the issues raised. ***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*). In civil cases, under Rule 1925(b): (1) the trial court must issue an order directing an appellant to file a concise statement of errors **within 21 days** of that order; (2) the trial court must file the order with the prothonotary; (3) the prothonotary must enter the order on the docket; (4) the prothonotary must give written notice of the entry of the order to each party, pursuant to Pa.R.C.P. 236; and (5) the prothonotary must record Rule 236 notice on the docket. ***See*** Pa.R.A.P. 1925(b); ***Forest Highlands Community Ass'n v. Hammer***, 879 A.2d 223 (Pa.Super. 2005). "Filing may be accomplished by mail addressed to the prothonotary, but except as otherwise provided by these rules, filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a).

Instantly, the record confirms that the court filed its Rule 1925(b) order on July 2, 2024, with Rule 236 notice sent to the parties that same day. The order states that Appellant shall file a concise statement within 21 days of the order, or July 23, 2024, or face waiver of all issues. Appellant has included a receipt indicating that it mailed the Rule 1925(b) statement on July 12, 2024.[2] Nevertheless, the operative date is the receipt of the mail; here, Appellant's statement was not filed until July 29, 2024, six days late. **See** Pa.R.A.P. 121(a).[3] Therefore, Appellant's untimely filing constitutes grounds to deem Appellant's issues waived on appeal. **See Lord, supra**; **Greater Erie Indus. Development Corp., supra**; **Forest Highlands Community Ass'n, supra**.

Nevertheless, we recognize that in some situations, remand may be warranted to determine whether an appellant has timely filed a concise statement. **See** Pa.R.A.P. 1925(c)(1) (stating appellate court may remand in

---

[2] We note that Appellant mailed its concise statement from South Carolina.

[3] Rule 1925(b)(1) provides: "Filing of record shall be as provided in [Rule] 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c)." Pa.R.A.P. 1925(b)(1). **See also** Pa.R.A.P. 1112(c)(2) (governing petitions for allowance of appeal and stating: "The certificate of mailing or other similar Postal Service form from which the date of deposit can be verified shall be cancelled by the Postal Service, shall show the docket number of the matter in the appellate court below, and shall be either enclosed with the petition or separately mailed to the Prothonotary"). Here, Appellant's receipt from the post office does not satisfy the exceptions outlined in Rule 1925(b)(1) to render the mailing date as sufficient for filing.

either civil or criminal case for determination as to whether concise statement had been filed and/or served or timely filed and/or served). Based on Appellant's mailing date of July 12, 2024 (11 days before the July 23, 2024 filing deadline), Appellant could arguably be entitled to the benefit of a remand under Rule 1925(c)(1).[4] We decline to remand in this case, however, because Appellant's issues are also waived on grounds other than the untimely filing of its concise statement.

Our Rules of Appellate Procedure make clear that appellate briefs must conform in all material respects to the briefing requirements set forth in the Rules. Pa.R.A.P. 2101. Arguments must be followed by an appropriate discussion and citation of pertinent authorities. *See* Pa.R.A.P. 2119(a). Where an appellant fails to properly raise or develop issues on appeal, or where a brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. ***See Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously

---

[4] We observe that Rule 1925(c)(2) provides: "Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing or service *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion." Pa.R.A.P. 1925(c)(2). Notably, Appellant has not filed an application in this Court requesting a remand under Rule 1925(c)(2).

assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal); *Bunt v. Pension Mortg. Associates, Inc.*, 666 A.2d 1091 (Pa.Super. 1995) (stating it is appellant's responsibility to establish entitlement to relief by showing that trial court's ruling is erroneous; where appellant presents position without elaboration or citation to law, this Court can decline to address appellant's bare argument). Indeed, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa.Super. 2014), *appeal denied*, 631 Pa. 719, 110 A.3d 998 (2014).

Further, the Pennsylvania Rules of Civil Procedure provide, in relevant part:

### Rule 1061. Conformity to Civil Action

(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in

accordance with the rules relating to a civil action.

(b) The action may be brought

\* \* \*

(2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land ....

Pa.R.C.P. 1061(a), (b)(2).

The Rules further provide:

**Rule 1066. Form of Judgment or Order**

(a) The court shall grant appropriate relief upon affidavit that a complaint containing a notice to defend has been served and that the defendant has not filed an answer, or after a hearing or trial on the pleadings or merits.

(b) Upon granting relief to the plaintiff [in a quiet title action], the court

(1) shall order that the defendant be forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of the plaintiff set forth in the complaint, unless the defendant takes such action as the order directs within thirty days thereafter. If such action is not taken within the thirty-day period, the prothonotary on praecipe of the plaintiff shall enter final judgment.

(2) shall enter a final judgment that a document, obligation or deed affecting a right, lien, title or interest in the land is cancelled or is valid, invalid or discharged ...

(3) shall enter a final judgment ordering the defendant, the prothonotary, or the recorder of deeds to file, record, cancel, surrender or satisfy of record, as the case may be, any plan, document, obligation or deed determined to be valid, invalid, satisfied or discharged, ...

> > (4) shall enter any other order necessary for the granting of proper relief.

Pa.R.C.P. 1066(b)(2)-(4).

Here, Appellant's argument section on appeal states, in its entirety:

> The argument in this case is very simple. According to Pa.R.A.P. § 341(c)(3) "[a] notice of appeal may be filed within 30 days after entry of an order as amended...." In this case, the Order denying the Petition to Open the Default Judgment was entered on June 3, 2024 and the Decree of Quiet Title was entered on June 25, 2024 before the thirty (30) days had elapsed. Based on the plain language of Pa.R.A.P. § 341, [Appellant] had thirty (30) [days] to appeal the June 3, 2024 Order denying the Petition to Open Default Judgment. The [c]ourt disregarded the appeal period and entered the Decree to Quiet Title anyway. [Appellant] is appealing this clear and unmistakable error of the [c]ourt in entering a Decree of Quiet Title prior to the appeal period elapsing.

(Appellant's Brief at 7).

Appellant's conclusory argument section, lacking any citation to relevant case law, is woefully inadequate. Although Appellant cites to Pa.R.A.P. 341 (which provides a 30-day appeal period from final orders), Appellant fails to explain **why** the court was not permitted to enter a decree quieting title following entry of a default judgment and Appellant's appeal therefrom. Essentially, Appellant seems to suggest that the court was precluded from entering a decree quieting title until 30 days had passed from the order denying Appellant's petition to open default judgment, or that Appellant's appeal from the order denying the petition to open default judgment acted as a stay of proceedings such that the court could not enter a decree quieting

title during the pendency of that appeal. To the contrary, the Rules of Civil Procedure provide that the court **shall** enter such a decree. **See** Pa.R.C.P. 1066. It is unclear how Appellant's perfunctory argument entitles it to relief. We will not act as Appellant's counsel and develop arguments on its behalf. **See Coulter, supra**. Thus, even if Appellant had timely filed its Rule 1925(b) statement, its underdeveloped argument serves as another ground to deem Appellant's issues waived on appeal. **See Estate of Haiko, supra**; **Lackner, supra**; **Butler, supra**; **Bunt, supra**. Accordingly, we affirm.

Decree affirmed.

President Judge Lazarus joins this memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

 DATE: 04/21/2025